UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cr-00141-MOC-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **RAYMOND NEAL SWAYNEY,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the government's "Evidence of Restitution" (#27) and the defendant's Response (#28). The government contends that under the MVRA defendant must make restitution to the BIA for fire suppression costs totaling $106,661.98, while defendant contends that restitution is limited to the loss of property, to wit, the timber, valued at $4989.00.

To support its argument, defendant cites the court to an unpublished decision of the Court of Appeals for the Fourth Circuit, which held that "we are not convinced that fire suppression costs are analogous to costs for repair and replacement of equipment." United States v. Sprouse, 58 Fed. Appx. 985 (4th Cir. 2003). Recently, the Ninth Circuit reached the opposite result in another unpublished opinion, holding:

> Defendants' main argument is that the district court erred by including fire suppression costs in the restitution order under the Mandatory Victim Restitution Act ("MVRA"). However, the costs incurred to suppress the wildfire were "directly and proximately" caused by defendants' offense conduct, and are authorized under the MVRA. 18 U.S.C. § 3663A(a)(2), (b)(1); *see also United States v. De La Fuente*, 353 F.3d 766, 771-74 (9th Cir. 2003) (holding that costs incurred by county fire department's hazardous materials division when responding to the defendant's mailing of letters containing alleged anthrax were recoverable under the MVRA).

1

United States v. Henry, 14-50432, 2017 WL 3432569, at *2 (9th Cir. Aug. 10, 2017). Other trial judges have recognized the split among the circuits and even some inconsistency within the Fourth Circuit in applying the MVRA to consequential damages. See United States v. Okun, 2009 WL 2365979 (E.D.Va. July 31, 2009) (discussing United States v. Bryant, 139 F.3d 893 (Table), 1998 WL 130026 (4th Cir. March 4, 1998)). Albeit in an unpublished decision that appears to differ from other unpublished decisions of other circuits, this court affords greater weight to an unpublished appellate decision originating in this circuit and will follow that decision.

Finally, the government appears to argue in the footnote to its filing (see (#27) at n. 1) that the court should treble the damages caused by defendant. While the National Indian Forest Management Act ("NIRMA"), 25 U.S.C. § 3101 *et seq.,* would allow the government or an aggrieved tribe to pursue treble damages against a person who commits trespass by setting fire to tribal timber, 25 U.S.C. §3106, the venue for seeking punitive damages would be in a civil or an administrative action. Indeed, the treble damages provision is found in a subsection of the Act captioned "Civil penalties; regulations." 25 U.S.C. 3106(a). Restitution imposed by this criminal court is not governed by the NIRMA, but by the MVRA, which under Sprouse is limited to the value of the timber.

**ORDER**

**IT IS, THEREFORE, ORDERED** that restitution in the amount of $4989.00, payable to the Eastern Band of Cherokee Indians, shall be included in the Judgment.

Signed: September 7, 2017



Max O. Cogburn Jr
United States District Judge